# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LUKE THIBODEAUX, ET AL.**                          **CIVIL ACTION**

**VERSUS**                                           **NO. 16-158-JWD-EWD**

**GEICO ADVANTAGE INSURANCE
COMPANY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 8, 2016.

**ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LUKE THIBODEAUX, ET AL.                              CIVIL ACTION

VERSUS                                              NO. 16-158-JWD-EWD

GEICO ADVANTAGE INSURANCE
COMPANY, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Remand (R. Doc. 3).  The Motion is opposed.  (R. Docs. 6, 10).  For the following reasons, the undersigned recommends that the Motion be **DENIED**.

#### Factual and Procedural Background

On or about February 12, 2016, Luke Thibodeaux, individually and on behalf of his minor child Alexandra Thibodeaux, and Morgan Thibodeaux (collectively "plaintiffs"), filed a Petition for Damages against Larry Hiner and his alleged insurer, GEICO Advantage Insurance Company, in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana.  (R. Doc. 1-2).  In the Petition, plaintiffs allege they suffered injuries as a result of a rear-end collision that occurred on February 13, 2015, on Bluebonnet Boulevard in Baton Rouge, Louisiana.  (R. Doc. 1-2 at 3).  Plaintiffs assert that Luke and Alexandra Thibodeaux were the passengers of a vehicle owned and operated by Morgan Thibodeaux, which was struck from behind by a vehicle driven by Hiner and insured by GEICO.  (R. Doc. 1-2 at 3-4).  Plaintiffs assert the accident was caused by the negligence of Hiner in failing to slow down when plaintiffs' vehicle stopped for traffic.  (R. Doc. 1-2 at 4).

On March 9, 2016, Hiner and GEICO (collectively "defendants"), removed the action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (R. Doc. 1).  In the Notice of Removal, defendants assert that plaintiffs are citizens of Louisiana, GEICO is a citizen of Nebraska or Washington, D.C.,[1] and Hiner is a citizen of Texas.  (R. Doc. 1 at 2).  Defendants also claim the amount in controversy exceeds the sum of $75,000, excluding interest and costs.  (R. Doc. 1 at 2).  Defendants further assert that all defendants consent to removal and the Notice of Removal was filed within 30 days after defendants were served with a copy of the initial pleading setting forth the claim for relief upon which the action is based.  (R. Doc. 1 at 2).

On March 24, 2016, plaintiffs filed the instant Motion to Remand, claiming defendants improvidently removed this action based upon diversity jurisdiction.  (R. Doc. 3).  Plaintiffs assert that defendants' conclusory allegations that it is facially apparent from the Petition that the amount in controversy exceeds $75,000 fails to satisfy defendants' burden of proof to establish that diversity jurisdiction exists.  Plaintiffs assert that removing defendants are required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, which defendants can do by demonstrating the claims are likely above $75,000 or by setting forth facts in controversy that support a finding of the requisite amount.  (R. Doc. 3-1 at 2) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).  Plaintiffs assert that this requirement is met if it is apparent from the face of the pleadings that the claims are likely to exceed $75,000, or if defendants set forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount.  (R. Doc. 3-1 at 2) (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)).  Plaintiffs contend that it is not facially apparent from the Petition

---

[1] Defendants assert that GEICO is a foreign insurance company domiciled in Nebraska with its principal place of business in Washington, D.C.  (R. Doc. 1 at 2).  Thus, contrary to defendants' assertion, GEICO is a citizen of Nebraska *and* Washington, D.C. for diversity purposes.  *See* 28 U.S.C. § 1332(c).

that the amount in controversy exceeds $75,000 and defendants have submitted no "summary judgment type evidence" to support their allegation that the jurisdictional amount has been satisfied.  Plaintiffs argue defendants have not offered sufficient evidence to meet their burden of proving the amount in controversy exceeds $75,000 and, therefore that removal was improper.

In opposition, defendants concede that it is not facially apparent from the Petition "that any of the plaintiffs' claims would exceed the amount in controversy because they are very basic allegations of pain in various body parts without any mention of specific medical treatments or the severity of the damages."  (R. Doc. 6 at 4).  However, defendants contend that Luke Thibodeaux's medical bills, medical records, and potential claim for lost wages/loss of earning capacity as an attorney show that his claim will exceed the jurisdictional amount of $75,000.  In the Opposition, defendants assert that GEICO received medical bills for Luke Thibodeaux from the Imaging Center of Louisiana, the Baton Rouge Anesthesia Services, the Spine Diagnostic Pain and Treatment Center, and the NovaMed Surgery Center of Baton Rouge, which allegedly total $28,867.  (*See* R. Docs. 6-2, 6-3).  Although defendants admit that some of the fees charged at the Spine Diagnostic and Pain Treatment Center and the NovaMed Surgery Center of Baton Rouge pre-date the February 13, 2015 accident, defendants claim "they show consistent treatment with charges in excess of $45,000."  (R. Doc. 6 at 2).

Defendants also assert that the medical records GEICO received from Thibodeaux's treating physician, Dr. Joseph Turnipseed, show that Thibodeaux had pre-existing injuries in his neck and back that were aggravated by the February 13, 2015 accident, as Thibodeaux's complaints of back pain became progressively worse after the accident.  Defendants claim that an MRI taken after the accident revealed a new disc herniation at L5-S1, and that Thibodeaux received epidural steroid injections and lumbar dorsal medial branch blocks in his lower back after the

accident.  (R. Doc. 6 at 2).   Defendants also contend that Thibodeaux has a potential lost earning/loss of earning capacity claim based on Dr. Turnipseed's notes, which indicate that Thibodeaux had difficulty with mood and difficulty at work because of his back pain and was losing time at his job as an attorney.  Defendants assert that the most recent medical record from Dr. Turnipseed shows that he planned to proceed with a rhizotomy[2] if Thibodeaux responded well to the medial branch blocks.  (*See* R. Doc. 6-3 at 35-38).

Defendants also submitted an affidavit from a GEICO claims representative, which provides that during a telephone call on January 27, 2016, Luke Thibodeaux stated he would accept $1,000,000 from GEICO to settle his claim.  (R. Doc. 6-1).  The affidavit also provides that on January 29, 2016, GEICO offered to settle the claim for $53,867.  (*Id.*).  A copy of the settlement offer was also submitted with the Opposition.  (R. Doc. 6-4).  According to defendants, Louisiana courts have awarded general damages ranging from $50,000 to upwards of $75,000 in similar cases.  (R. Doc. 6 at 4).

Finally, defendants assert that although the claims of Mary and Alexandra Thibodeaux may not meet the jurisdictional amount requirement, the Court can exercise supplemental jurisdiction over their claims under 28 U.S.C. § 1367 because the Court has subject matter jurisdiction over Luke Thibodeaux's claims under 28 U.S.C. § 1332.  (R. Doc. 6 at 5-6).

In a Supplemental Memorandum in Opposition to the Motion to Remand, defendants assert that the plaintiffs' status report, filed on May 12, 2016, clearly indicates that Luke Thibodeaux's claim exceeds the jurisdictional amount of $75,000 because plaintiffs anticipate retaining experts in the fields of vocational rehabilitation/lifecare economics.  (*See* R. Doc. 7 at 3).  Defendants

---

[2] A rhizotomy is a procedure that involves several injections to burn the nerve so that it cannot carry pain signals. *Buckheister v. U.S. Environmental Services, L.L.C.*, 11-1148, p. 7 (La. App. 5 Cir. 5/31/12), 97 So.3d 414, 419.

claim that these are not the type of experts a litigant retains if he is not seeking damages in excess of $75,000.

**Applicable Law and Analysis**

### A. The Court has Subject Matter Jurisdiction Over Luke Thibodeaux's Claims Based on Diversity Jurisdiction, Pursuant to 28 U.S.C. § 1332.

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions. La. C.C.P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett*, 171 F.3d at 298 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). The defendant may make the requisite showing in either of two ways: (1)

by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002); *Luckett*, 171 F.3d at 298.

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000).  If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction.  *Id*.; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A*., 988 F.2d 559, 565 (5th Cir. 1993).  However, post-removal affidavits may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal.  *Id*.  If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.  *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

Here, as defendants readily admit, it is not facially apparent from the Petition that the plaintiffs' claims will exceed the jurisdictional amount of $75,000, exclusive of interest and costs. Plaintiffs did not request a jury trial, so it is not even clear to the Court, based upon plaintiffs' allegations, whether their damages will exceed $50,000.[3]  Plaintiffs' allegations regarding their

---

[3] *See* La. C.C.P. art. 1732, which provides that a state trial by jury shall not be available in a suit where the amount of no individual petitioner's cause of action exceeds $50,000, exclusive of interest and costs.

damages are generic and provide only a limited description of the injuries they allegedly sustained. Consequently, post-removal affidavits may be considered.

Since it is not facially apparent from the state court Petition that plaintiffs' damages will exceed the federal jurisdictional minimum, the Court must next consider whether defendants have met their burden of proving, through summary judgment type evidence, that the amount in controversy in this case is likely to exceed $75,000.  As discussed above, defendants provided Luke Thibodeaux's medical bills and medical records regarding his treatment after the February 13, 2015 accident, which allegedly total $28,867.  Although defendants do not explain how this amount was calculated and it is not readily apparent how defendants made this determination, the medical bills do show consistent treatment after the accident and medical bills from the Spine Diagnostic and Pain Treatment Center and the NovaMed Surgery Center of Baton Rouge totaling over $30,000.[4]  (R. Doc. 6-2 at 13-21).  Although defendants acknowledge that some of the charges on those bills are from treatment received prior to the February 13, 2015 accident, defendants correctly point out that the medical bills show consistent treatment with charges in excess of $45,000."[5]  (R. Doc. 6-2 at 4-21).

The medical records provided by defendants similarly show that Thibodeaux had pre-existing injuries in his neck and back that were aggravated by the February 13, 2015 accident.  (R. Doc. 6 at 2).  The medical records include an MRI of Thibodeaux's lumbosacral spine taken on March 6, 2015, after the underlying accident, which shows that "Since the previous exam [on

---

[4] The medical bill from the Spine Diagnostic and Pain Treatment Center shows fees and charges for treatment after the February 13, 2015 accident that appear to total $13,560.  (R. Doc. 6-2 at 13-18).  The medical bill from the NovaMed Surgery Center of Baton Rouge shows charges billed for treatment after the accident that appear to total $18,000.  (R. Doc. 6-2 at 20-21).

[5] Although no total is provided on the bill from the Spine Diagnostic Pain and Treatment Center, the bill shows Thibodeaux received treatment from November 13, 2013 through November 25, 2015, with the post-accident treatment totaling approximately $13,560.  (R. Doc. 6-2 at 4-18).  The bill from NovaMed Surgery Center of Baton Rouge, which similarly shows treatment from February 14, 2014 through November 25, 2015 totals $42,000.  (R. Doc. 6-2 at 19-21).

December 7, 2013] there has been an increase in the disc bulging at L5-S1 to the left with an associated annular tear so this now has the appearance of a disc herniation."  (R. Doc. 6-3 at 2, 8). The medical records also show that Thibodeaux consistently complained of worsening neck and back pain after the February 13, 2015 accident, which improved after each of the three epidural steroid injections he received on May 22, 2015, October 9, 2015, and November 25, 2015.  (R. Doc. 6-3 at 4-38).  However, the medical records show that Thibodeaux's medical treatment was still ongoing in January 2016.  The most recent medical record provided shows that Thibodeaux received lumbar dorsal median branch blocks on January 8, 2016, and that Thibodeaux "wishes to proceed with thermal radiofrequency ablation of the medial branch nerves."  (R. Doc. 6-3 at 39-40).  In a medical record dated January 7, 2016, Dr. Turnipseed noted that if Thibodeaux has good relief from the dorsal median branch blocks, "we'll proceed with a rhizotomy."  (R. Doc. 6-3 at 38).  Thus, these medical records show that Thibodeaux was still in pain and receiving ongoing medical treatment for his back injuries at the time of removal.

Defendants correctly point out that it is well established in Louisiana law that damage awards for a herniated disc without surgical intervention may exceed $75,000.  *See, e.g., Guidry v. Millers Casualty Ins. Co.*, 2001-0001 (La. App. 1 Cir. 6/21/02), 822 So.2d 675 (auto accident victim with aggravation of a degenerative lumbar condition and lingering pain awarded $50,000); *Locke v. Young*, 42,703 (La. App. 2 Cir. 12/12/07), 973 So.2d 831 ($75,000 awarded for two lumbar bulging discs with the prospect of a possible future surgery caused by accident); *Pannell v. Encompass Ins. Co.*, 2006-1601 (La. App. 3 Cir. 5/2/07), 956 So.2d 152 ($90,000 awarded for aggravation of herniated lumbar discs in which a subsequent surgery was found not related to auto accident); *Duchamp v. State Farm Mut. Auto. Inc. Co.*, 2005-339 (La. App. 3 Cir. 11/2/05), 916

So.2d 498 ($135,000 awarded for herniated disc causing continuous chronic neck pain with surgery not contemplated).

The jurisprudence also establishes that awards for soft tissue injuries of the neck and back have been as much as $45,000 to $55,000.  *See, e.g., Leonard v. State Farm Mut. Auto. Ins. Co*., 39,580 (La. App. 2 Cir. 4/20/05), 900 So.2d 322 ($55,000 award for soft tissue injuries and headaches after serious vehicular collision; chiropractic treatment for chronic neck and upper back pain); *Moraus v. Frederick*, 2005-429 (La. App. 3 Cir. 11/2/05), 916 So.2d 474 ($46,000 award for soft tissue injuries and seventeen months of conservative medical treatment after vehicular accident).

Based on the foregoing, defendants have shown by a preponderance of evidence that the outstanding medical expenses and an award of general damages for the injuries Luke Thibodeaux sustained would likely result in an amount that exceeds the jurisdictional amount of $75,000. Plaintiffs did not file a Reply Memorandum to address the evidence submitted by the defendants in support of the jurisdictional amount in controversy.  Thus, plaintiffs have not shown to a legal certainty that the amount in controversy does not exceed $75,000.

**B. The Court May Exercise Supplemental Jurisdiction Over the Claims of Alexandra Thibodeaux and Morgan Thibodeaux, Pursuant to 28 U.S.C. § 1367.**

The Court also finds that it may exercise supplemental jurisdiction over the claims of Alexandra and Morgan Thibodeaux under 28 U.S.C. § 1367.  Section 1367(a) provides, in pertinent part, that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367.  Subsection (a) specifically provides that "supplemental jurisdiction shall include claims that involve the joinder or

intervention of additional parties." *Id*. However, § 1367(b) sets forth certain exceptions to the general rule set forth in § 1367(a):

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b).

The Supreme Court has addressed the precise issue raised by the defendants in this case, namely "whether a diversity case in which the claims of some plaintiffs satisfy the amount-in-controversy requirement, but the claims of other plaintiffs do not, presents a 'civil action of which the district courts have original jurisdiction." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 558, 125 S.Ct. 2611, 2620, 162 L.Ed.2d 502 (2005). The Supreme Court concluded "[T]the answer must be yes." 545 U.S. at 559, 125 S.Ct. at 2620. The Supreme Court explained:

> When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim. The presence of other claims in the complaint, over which the district court may lack original jurisdiction, is of no moment. If the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a "civil action" within the meaning of § 1367(a), even if the civil action over which it has jurisdiction comprises fewer claims than were included in the complaint. Once the court determines it has original jurisdiction over the civil action, it can turn to the question whether it has a constitutional and statutory

> basis for exercising supplemental jurisdiction over the other claims
> in the action.

545 U.S. at 559, 125 S.Ct. at 2620-21.  The Supreme Court ultimately concluded, "the threshold requirement of § 1367(a) is satisfied in cases, like those now before us, where some, but not all, of the plaintiffs in a diversity action allege a sufficient amount in controversy."  545 U.S. at 566, 125 S.Ct. at 2625.  Thus, "§ 1367 by its plain text . . . authorized supplemental jurisdiction over all claims by diverse parties arising out of the same Article III case or controversy, subject only to enumerated exceptions not applicable in the cases now before us."  545 U.S. at 566-67, 125 S.Ct. at 2625.

In the instant case, the claims asserted by Morgan Thibodeaux and by Luke Thibodeaux on behalf of his minor child, Alexandra Thibodeaux, do not fall under any of the exceptions set forth in § 1367(b).  Consequently, the Court must determine whether their claims are so related to the claims of Luke Thibodeaux that they form part of the "same case or controversy" within the meaning of Article III.  Like the Supreme Court in *Allapattah*, the Court finds the answer must be yes.  It is clear that the claims of all of the plaintiffs arise from a "common nucleus of operative fact," the February 13, 2015 automobile accident, because Luke Thibodeaux, Alexandra Thibodeaux, and Morgan Thibodeaux were all in the vehicle at the time of the accident.  *See Garza v. Nat'l Am. Ins. Co.,* 807 F. Supp. 1256, 1257-58 (M.D. La. 1992).

In accordance with the Supreme Court's decision in *Allapattah*, the Court finds that it may exercise supplemental jurisdiction over the claims of Morgan and Alexandra Thibodeaux, even though their claims may not independently satisfy the amount in controversy requirement, because they arise out of the same "case and controversy" as Luke Thibodeaux's claims, over which the Court has diversity jurisdiction under 28 U.S.C. § 1332.

**Conclusion**

Based on the foregoing, defendants have met their burden of proving by a preponderance of evidence that the Court has subject matter jurisdiction over the claims asserted by Luke Thibodeaux based upon diversity jurisdiction under 28 U.S.C. § 1332.  Because the Court has subject matter jurisdiction over Luke Thibodeaux's claims, it may also exercise supplemental subject matter jurisdiction over the claims brought by Luke Thibodeaux on behalf of his minor child, Alexandra Thibodeaux, and the claims of Morgan Thibodeaux, under 28 U.S.C. § 1367(a). Although the claims of Alexandra and Morgan Thibodeaux may not exceed the jurisdictional amount, the Court may exercise supplemental jurisdiction over the claims based upon the Supreme Court's decision in *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005).

## <u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that Plaintiffs' Motion to Remand (R. Doc. 3) should be **DENIED.**

Signed in Baton Rouge, Louisiana, on July 8, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**